# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-10** |
| **GROSS WILLIAMS** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Gross Williams's ("Williams") motion[1] for post-conviction relief pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure.[2] The government opposes the motion[3] and Williams has filed a reply[4] in support of the motion.

Federal Rule of Civil Procedure 60(c)(1) states that motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Proc. 60(c)(1); *see also Torns v. Mississippi*, 648 F. App'x 404, 406 (5th Cir. 2016) (per curiam) (agreeing with district court that a "Rule 60(b)(2) motion was untimely because it was filed more than a year after judgment); *Worldwide Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs.*, 622 F. App'x 383, 386 (5th Cir. 2015) (per curiam) (rejecting untimely Rule 60(b)(2) motion); *Smith v. Kukua*, 487 F. App'x

---

[1] R. Doc. No. 223.
[2] Williams's motion is titled "Rule 60(b)(a) motion." *Id.* However, Williams's reply requests that the Court construe the motion as a Rule 60(b)(2) motion. R. Doc. No. 226, at 1.
[3] R. Doc. No. 225.
[4] R. Doc. No. 226.

145, 146 (5th Cir. 2012) (per curiam) (upholding a district court's denial of a Rule 60(b)(2) for non-timeliness reasons on the basis motion was untimely).

The instant motion attacks the Court's rulings on Williams's first habeas petition (and a discovery motion related to it), which were entered—along with the relevant judgment—on May 29, 2019.[5] And the instant motion was postmarked November 20, 2020—more than a year later.

The Court is mindful of Williams's *pro se* status and would normally consider the propriety of excusing such untimeliness. But Rule 6(b)(2) explicitly states that "[a] court must not extend the time to act under Rule[] . . . 60(b)." Fed. R. Civ. Proc. 6(b)(2); *see, e.g.*, *Nowlin v. Shannon*, No. 15-778, 2017 WL 8790963, at *1 (N.D. Tex. June 13, 2017) (reaching the same conclusion and noting that "the limitation period cannot be extended by the court"); *McKnight v. Neven*, 366 F. App'x 841, 842–43 (9th Cir. 2010) (per curiam) (concluding that, given Rule 6(b)(2), "regardless of whether the one-year limit is 'jurisdictional,' it must be strictly enforced"); *In re Rumsey Land Co.*, 944 F.3d 1259, 1277 (10th Cir. 2019) ("Rule 60(c)(1)'s limitations period is absolute." (internal quotation omitted)). And the Court cannot construe this as a motion under Rule 60(b)(6)'s catch-all provision because "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Solis v. Dretke*, 436 F. App'x 303, 306 (5th Cir. 2011) (per curiam) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005)). Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

---

[5] R. Doc. Nos. 212–14.

**IT IS FURTHER ORDERED** that Williams's motion for discovery[6] in support of the instant motion is **DISMISSED AS MOOT**.

New Orleans, Louisiana, January 5, 2021.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. No. 227.